UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 26-61164-CV-DIMITROULEAS**

YARSOLAV TIMOFEEV,

     Petitioner,

v.

WARDEN, BROWARD
TRANSITIONAL CENTER, *et al.*,

     Respondents.

_____/

## <u>ORDER</u>

**THIS CAUSE** is before the Court on Petitioner Yarsolav Timofeev's Emergency Motion for Temporary Restraining Order and Preliminary Injunction to Prevent Transfer of Petitioner Outside the Court's Jurisdiction (the "TRO Motion").  [DE 5].  Petitioner seeks an injunction prohibiting Respondents from transferring him outside the Southern District of Florida while his § 2241 habeas petition is pending.  [*Id*. at 1].  For the following reasons, the TRO Motion is denied.

A petitioner seeking a preliminary injunction must establish that: (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

In the TRO Motion, Petitioner claims he is likely to succeed on the merits of his habeas petition because he has been detained over six months without a constitutionally adequate custody hearing, citing *Zadvydas*, *Demore*, and *Sopo*. But to succeed on a *Zadvydas* claim, a petitioner must: "(1) show that he's been detained for more than six months; and (2) establish that there's no significant likelihood of removal in the foreseeable future." *Flores-Reyes v. Assistant Field Off.*

*Dir.*, No. 26-cv-20226, 2026 WL 406708, at *2 (S.D. Fla. Feb. 13, 2026) (Altman, J.) (citing *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) ("[T]o state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.")).  Petitioner has not met his burden of establishing that there's no significant likelihood of removal in the foreseeable future.  And the Eleventh Circuit in *Sopo* did not establish a bright-line six-month mark for when detention becomes unreasonable. Instead, it adopted a case-by-case approach in which the length of detention is one of several factors a court should consider when determining whether continued detention has become unreasonable. *Sopo v. U.S. Att'y Gen.*, 825 F.3d 1199, 1217 (11th Cir. 2016), *vacated*, 890 F.3d 952 (11th Cir. 2018). And the Eleventh Circuit suggested "the outer limit of reasonableness" may be around the "one-year mark, depending on the facts of the case." *Id*.  Petitioner, therefore, has not established a substantial likelihood of success on the merits by simply citing to the fact that his detention has lasted slightly longer than six months. [DE 5 at 3].

Petitioner also claims that he is likely to suffer irreparable harm in the absence of preliminary relief because a transfer "threatens the court's jurisdiction."  [DE 5 at 3].  Petitioner's transfer outside this district, however, does not affect this Court's jurisdiction, which attaches on the initial filing for habeas corpus relief and is not destroyed by a subsequent transfer and custodial change. *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004); *Lee v. Wetzel,* 244 F.3d 370, 375 n.5 (5th Cir. 2001); *Santillanes v. United States Parole Commission*, 754 F.2d 887, 888 (10th Cir. 1985). As such, Petitioner has not established that he will suffer irreparable harm without a temporary restraining order.

Accordingly, it is **ORDERED AND ADJUDGED** that the TRO Motion [**DE 5**] is **DENIED**.

2

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 23rd day of April 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Roman Groysman
Law Offices of Roman Groysman, P.A.
Suite 1400
401 East Las Olas Blvd.
Fort Lauderdale, FL 33301
954-712-0505
Fax: 954-712-0501
Email: courtfiling@groysmanlaw.com

Benjamin Sardinas
US Attorney's Office
Email: Benjamin.Sardinas@usdoj.gov