UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-61164-CV-DIMITROULEAS

YAROSLAV TIMOFEEV,

       Petitioner,

v.

Warden of Broward Transitional Center; Garret
J Ripa, ICE Field Office Director; Assistant
Field Office Director (AFOD) for the Broward
Transitional Center (BTC); Markwayne Mullin,
in his capacity as Secretary of Homeland
Security; Todd Blanche in his capacity as Acting
Attorney General of the United States,

       Respondents.

_____/

## ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** is before the Court on Petitioner YAROSLAV TIMOFEEV

("Petitioner")'s Emergency Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and

Temporary Injunctive Relief [DE 1], filed April 20, 2026. The Court has considered the Petition

[DE 1], Respondents' Response [DE 13], and Petitioner's Reply [DE 14]. The Court held a

hearing on the Petition on May 8, 2026, *see* [DE 24], where it heard arguments from counsel.

The Court is otherwise fully advised in the premises.

Based on the recent ruling by the Eleventh Circuit Court of Appeals in *Hernandez*

*Alvarez v. Warden, Federal Detention Center Miami, et al.,* Case Nos. 25-14065; 25-14075

(May 6, 2026), which is persuasively binding on this Court until the mandate issues,

§1225(b)(2)(A) does not apply to Petitioner.[1] Rather, § 1226(a) and its implementing regulations

---

[1] Under *Alvarez*, Petitioner is not "seeking admission" within the meaning of § 1225(b)(2)(A). Petitioner entered the United States on February 6, 2022, at the Otay Mesa Port of Entry, where he requested asylum and was inspected and paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5). His I-94 reflects a Class of Admission of DT and authorized parole until February 4, 2023. He timely filed a Form I-589 application for asylum on July 7, 2022.

govern Petitioner's detention, entitling Petitioner to an individualized bond hearing as a detainee under § 1226(a). *See id.* The Court takes no position as to whether Petitioner should be granted release on bond by the Immigration Judge, just that Petitioner is entitled to an individualized bond hearing.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Petition [DE 1] is **GRANTED IN PART** as follows:

1. Respondents shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) within seven days, by May 18, 2026, and file a notice in the record upon the completion of the bond hearing indicating (1) that an individualized bond hearing was afforded and (2) the outcome of that bond hearing.

2. A hearing in this matter is hereby set for 1:30 P.M. on **Wednesday, May 20, 2026**, in Courtroom 205B at the U.S. Courthouse, 299 E. Broward Boulevard, Fort Lauderdale, Florida. The hearing may be cancelled upon notification that the bond hearing was held.

3. The Clerk shall **CLOSE** this case and **DENY AS MOOT** any pending motions.

4. The Court **RETAINS JURISDICTION** to enforce this Order.

---

He was arrested in the interior of Florida more than three years later. At no point during that three-year period -- and at no point at the time of his arrest -- was he at a port of entry, presenting himself for inspection, or taking any affirmative step to obtain the rights and privileges of lawful admission. His pending asylum claim seeks a status that *Alvarez* confirm is categorically distinct from "admission." *See Alvarez*, 2026 WL 1243395, at *7 (relying on *Sanchez v. Mayorkas*, 593 U.S. 409 (2021).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida,

this 11th day of May, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record
Email: usafls-immigration@usdoj.gov
Email: usafls-2255@usdoj.gov