UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-61164-CV-DIMITROULEAS

YAROSLAV TIMOFEEV,

       Petitioner,

v.

Warden of Broward Transitional Center; Garret
J Ripa, ICE Field Office Director; Assistant
Field Office Director (AFOD) for the Broward
Transitional Center (BTC); Markwayne Mullin,
in his capacity as Secretary of Homeland
Security; Todd Blanche in his capacity as Acting
Attorney General of the United States,

       Respondents.

                                /

## ORDER

**THIS CAUSE** is before the Court on Petitioner YAROSLAV TIMOFEEV

("Petitioner")'s Motion to Enforce the Court's May 11, 2026 Order Granting Petition for Habeas

Corpus, filed May 18, 2026. [DE 27] (the "Motion to Enforce"). The Court has carefully

considered the Motion to Enforce [DE 27]; the May 18, 2026 Order of the Immigration Judge

attached thereto [DE 27-1]; Respondents' Response [DE 28]; arguments by counsel at the May

20, 2026 hearing before the undersigned, and the audio recording of the May 18, 2026 custody

redetermination hearing before an Immigration Judge, provided to the Court on May 20, 2026

following the hearing. The Court is otherwise fully advised in the premises.

On April 20, 2026, Petitioner filed an Emergency Petition for Writ of Habeas Corpus

Under 28 U.S.C. § 2241 and Temporary Injunctive Relief [DE 1]. On May 11, 2026, following

full briefing and arguments by counsel at a May 8, 2026 hearing, the Court entered an Order

Granting in Part Petition for Writ of Habeas Corpus. *See* [DE]. Therein, the Court ruled, in

relevant part, that, "[b]ased on the recent ruling by the Eleventh Circuit Court of Appeals in

*Hernandez Alvarez v. Warden, Federal Detention Center Miami, et al.*, Case Nos. 25-14065; 25-

14075 (May 6, 2026), which is persuasively binding on this Court until the mandate issues,

§1225(b)(2)(A) does not apply to Petitioner." [DE 25] at p. 1. The Court further explained that,

"[u]nder *Alvarez*, Petitioner is not "seeking admission" within the meaning of § 1225(b)(2)(A).

Petitioner entered the United States on February 6, 2022, at the Otay Mesa Port of Entry, where

he requested asylum and was inspected and paroled into the United States pursuant to 8 U.S.C. §

1182(d)(5). His I-94 reflects a Class of Admission of DT and authorized parole until February 4,

2023. He timely filed a Form I-589 application for asylum on July 7, 2022." *Id.* at n. 1. The

Court therefore ruled that:

> . . . § 1226(a) and its implementing regulations govern Petitioner's detention,
> entitling Petitioner to an individualized bond hearing as a detainee under §
> 1226(a). *See id.* The Court takes no position as to whether Petitioner should be
> granted release on bond by the Immigration Judge, just that Petitioner is entitled
> to an individualized bond hearing.

[DE 25] at pp. 1-2. The Court accordingly ordered that Respondents must afford Petitioner an

individualized bond hearing consistent with 8 U.S.C. § 1226(a) within seven days of the Court's

Order, that is, by May 18, 2026. *See id.* at p. 2.

On May 18, 2026, Respondents filed a Status Report, stating that Petitioner had an

individualized bond hearing on May 18, 2026, and was denied bond. *See* [DE 26]. The May 18,

2026 Order of the Immigration Judge stated as follows:

> The respondent requested a custody redetermination pursuant to 8 C.F.R. § 1236.
> After full consideration of the evidence presented, the respondent's request for a
> change in custody status is hereby ordered:
>
> Denied, because
>
> After conducting an individualized bond hearing, and applying the 9 Guerra factors,
> the Court finds that Respondent has not met his burden in establishing that he is a

suitable bail risk largely based on Respondent being under an Order of Removal (following a full merits hearing; this case is pending appeal before the Board of Immigration Appeals). see Matter of Guerra, 24 I&N Dec. 36, 41 (BIA 2006).

[DE 27-1].

That same day, Petitioner filed the instant Motion to Enforce [DE 27], arguing that an individualized bond hearing consistent with 8 U.S.C. § 1226(a), as required by this Court's May 11, 2026 Order, did not occur. Petitioner explains that, while a hearing occurred before an Immigration Judge on May 18, 2026 wherein the Immigration Judge heard arguments, received evidence, and made affirmative findings on the record regarding whether Petitioner presents a meaningful flight risk and whether he poses any danger, the hearing was not individualized because the Immigration Judge denied bond based on a Petitioner having a pending appeal of his removal order before the Board of Immigration Appeals ("BIA").

In response, Respondents argue that Petitioner has no due process claim here because he received notice of the hearing, an opportunity to be heard, and a decision by a neutral adjudicator. Respondents contend that Petitioner returns to this Court seeking enforcement because he disagrees with the Immigration Judge's evaluation of his bail risk, and that this Court does not have jurisdiction to review a challenge to the Immigration Judge's discretionary denial. Rather, Respondents argue, Petitioner may appeal the IJ's denial of his bond to the BIA, citing 8 C.F.R. § 236.1(d)(3).

Having carefully considered the parties' arguments, listening to the audio recording of the May 18, 2026 immigration bond hearing, and reviewing the Immigration Judge's May 18, 2026 Order, the Court finds that Petitioner had an individualized bond hearing consistent with § 1226(a). The immigration judge applied nine factors in determining flight risk; he agreed that he had jurisdiction to grant a bond; he weighed the positive and negative factors (traffic matter, only

here four years, crux of the matter the appeal); he found that Timofeev had no reason to appear and that he had not met his burden of showing he was a suitable bail risk. No abuse of discretion has been shown. The Court otherwise lacks jurisdiction to review the Immigration Judge's discretionary decision, which falls within the jurisdiction of the immigration court and administrative appeals process.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion to Enforce [DE 27] is **DENIED.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 20th day of May, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record
Email: usafls-immigration@usdoj.gov
Email: usafls-2255@usdoj.gov